UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:15-cr-00143-JDL |
| | ) | |
| **SCOT STOLKNER,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On April 1, 2016, Scot Stolkner pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and a-PVP, and aiding and abetting, in violation of 18 U.S.C.A. § 2 and 21 U.S.C.A. §§ 841(a)(1), (b)(1)(c), 846 (West 2021), and one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846. On November 15, 2016, Stolkner was sentenced to a term of imprisonment of 210 months, to be followed by a term of supervised release of six years. Stolkner now moves for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021), based on the alleged health risks he faces in federal custody due to the COVID-19 pandemic (ECF Nos. 226, 234). For the reasons that follow, I deny the motion.

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239-41 (codified at 18 U.S.C.A. § 3582(c)-(d) (West 2021)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Once a court determines that this exhaustion requirement is satisfied,[1] the court may reduce the defendant's sentence if, after considering the sentencing factors set forth in 18 U.S.C.A. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).

Stolkner asserts that extraordinary and compelling reasons exist because his medical conditions place him at a heightened risk of severe illness from COVID-19. The Government concedes that Stolkner has demonstrated extraordinary and compelling reasons based on his chronic medical condition of obesity. However, I do not address this issue further, because even if I were to agree with Stolkner that extraordinary and compelling reasons exist, his release is not supported by the § 3553(a) sentencing factors, for the reasons that I will explain.

Between August 2014 and July 2015, Stolkner led what I described at his sentencing as an "extremely serious drug conspiracy" that distributed "massive quantities" of heroin, fentanyl, and a-PVP. ECF No. 222 at 60. Stolkner directed a number of individuals in obtaining these drugs from out of state and distributing them to customers in Maine; he also imported a-PVP from outside the United States for distribution in Maine.

---

[1] The exhaustion requirement is satisfied here because Stolkner filed his motion in this Court more than thirty days after he submitted his request for relief to the warden at the Bureau of Prisons facility where he is incarcerated, FCI Ray Brook.

2

When I imposed Stolkner's original sentence of 210 months, I applied the sentencing factors set forth in § 3553(a). Those factors include the nature and circumstances of the offense, the personal history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities. Section 3553(a) also requires that the sentence reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public from further crimes, and provide the defendant with needed training and other treatment in the most effective way.

At sentencing, I found that Stolkner's active direction and operation of the conspiracy were extremely harmful for the community. I observed that Stolkner had an extensive and basically uninterrupted criminal history—including seventeen adult convictions, some involving violence and firearms, and five prior drug trafficking felonies—and stated that "being a drug dealer is [Stolkner's] confirmed way of life." ECF No. 222 at 61. I imposed a sentence of 210 months in order to send a "strong deterrent message to [Stolkner] and the public," *id.* at 66, and recognized that the sentence needed to be long enough to give Stolkner time to rehabilitate and develop skills necessary for him to leave prison "with the capacity to make a legitimate living" and support his daughter, *id.* at 62.

To date, Stolkner has served about 68 months, or 38%, of his sentence. Granting him release now would not adequately reflect the seriousness of the harm that Stolkner has caused, and would lessen the deterrent effect of Stolkner's sentence, both to the public and to Stolkner individually. Additionally, although Stolkner has completed a number of educational courses during his incarceration, he has also

incurred two disciplinary infractions in prison, including one in 2019 for fighting. In light of Stolkner's exhaustive criminal history and the relatively short percentage of the sentence that he has served, this leads me to conclude both that granting him release would undermine the sentence's goal of rehabilitating Stolkner, and that Stolkner would pose an undue danger to the community if he were released now. I continue to hope and believe that Stolkner is working towards changing what had been his "confirmed way of life"—an incredibly difficult task—and acknowledge the steps that he is taking to that end. However, the § 3553(a) sentencing factors do not support granting him release at this time.

For the foregoing reasons, it is **ORDERED** that Stolkner's Motion for Compassionate Release (ECF Nos. 226, 234) is **DENIED**.

**SO ORDERED.**

**Dated this 29th day of March, 2021.**

                                                               /s/ JON D. LEVY
                                             **CHIEF U.S. DISTRICT JUDGE**